## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

DAHLIA ARAUJO,

                    Plaintiff,

        v.

AMERICAN EXPRESS COMPANY,
CITIBANK, N.A., EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC. and TRANS UNION LLC,

                    Defendants.

CASE NO. _____

### DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Trans Union, LLC ("TransUnion") hereby files this Notice of Removal of the above-captioned action to this Court on the following grounds:

1.      TransUnion is a named Defendant in Index No. 707336/2025 filed by Plaintiff Dahlia Araujo ("Plaintiff") in the Supreme Court of the State of New York, County of Queens (the "State Court Action").

2.      The Summons with Notice in the State Court Action was filed with the Clerk of the Supreme Court of the State of New York, County of Queens on March 13, 2025.

3.      This Notice is being filed with this Court within thirty (30) days after TransUnion received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon TransUnion in the State Court Action is attached hereto as **Exhibit A**.

6. Certain of the claims for relief against Defendants alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims for relief arising under the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW § 380 *et seq.* ("NY FCRA"), as these claims arise from the same operative facts and form part of the same case or controversy.

8. As of the date of this Notice, co-Defendants Equifax and CitiBank, N.A. consent to removing the above-captioned action to this Court. Equifax Information Services, LLC and CitiBank, N.A.'s consents to removal are attached hereto as **Exhibit B and Exhibit C**, respectively.

9. Co-Defendants Experian Information Solutions, Inc. and American Express Company have not been served with Plaintiff's Summons and Complaint, and Pursuant to 28 U.S.C. § 1446(b)(2)(A), their consent is not required for removal.

10.     Promptly after the filing of this Notice of Removal, TransUnion shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the court in the State Court Action, as required by 28 U.S.C. § 1446(d).  *See* **Exhibit D**.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 18, 2025                    *Counsel for Defendant Trans Union, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 18th day of April, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF. Parties may access the

filing through the Court's CM/ECF System. Notice of this filing will also be sent via first-class

mail to:

Subhan Tariq, Esquire
Tariq Law PC
99 Park Avenue, Suite 1100
New York, NY 10016

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 18, 2025          *Counsel for Defendant Trans Union, LLC*

# EXHIBIT A

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 6 of 29 PageID #: 6

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF QUEENS

_____X

DAHLIA ARAUJO,                                    Index No.:

          Plaintiff,

   -against-                                      **VERIFIED COMPLAINT**

AMERICAN EXPRESS COMPANY,
CITIBANK N.A.,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

          Defendant(s).

_____X

      Plaintiff, Dahlia Araujo ("Plaintiff"), seeks redress for violations of the Fair Credit

Reporting Act (FCRA), 15 U.S.C. §1681 by Defendants and their agents in their illegal reporting.

Plaintiff, by way of this Complaint, states as follows:

## **PARTIES**

1. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. §
   1681a(c)). Plaintiff is an adult residing at Whitestone, NY 11357.

2. American Express Company ("AMEX") is a company that furnishes consumer credit
   information to consumer reporting agencies. It has a principal place of business located at
   200 Vesey Street New York, NY 10285.

3. AMEX is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. §
   1681s-2 et seq.).

Case 1:25-cv-02171-AMD-JAM Document 1 Filed 04/18/25 Page 7 of 29 PageID #: 7

4. Citibank N.A. ("Citibank") is a company that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 399 Park Ave Front. 1, New York, NY 10022.

5. Citibank is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

6. Equifax Information Services, LLC ("Equifax), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") are consumer reporting agencies as defined by the FCRA (15 U.S.C. § 1681a(f)).

## FACTUAL ALLEGATIONS

7. The FCRA promotes, among other things, the accuracy and fairness of consumer information contained in consumer reporting agencies' files. There are circumstances such as the Plaintiff's under which this accuracy and fairness is not upheld.

8. As set forth herein, Defendants AMEX, Citibank, Equifax, and Experian, denied Plaintiff the protections provided by the FCRA concerning AMEX/Citibank account number 37748156632**** (hereinafter referred to as the "AMEX/Citibank account").

9. Plaintiff experienced automated, significantly insufficient investigations into her disputes from the three CRA Defendants and as a result has been subject to unwarranted and unnecessary hardship.

10. The CRA Defendants in the instant case have a system plagued with errors.

11. Defendant Equifax prepared and issued credit reports concerning Plaintiff, which included inaccurate information.

12. Defendant Experian prepared and issued credit reports concerning Plaintiff, which included inaccurate information.

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 8 of 29 PageID #: 8

13. Defendant Trans Union prepared and issued credit reports concerning Plaintiff, which included inaccurate information.

14. On or around July 2023, Plaintiff discovered that an unknown individual(s) had made fraudulent charges, in the amount of $144.75, made on the AMEX/Citibank account, and immediately informed AMEX and Citibank.

15. As a result, Plaintiff received a letter, dated July 19, 2023, from AMEX and Citibank, wherein AMEX and Citibank informed Plaintiff that AMEX and Citibank had credit the fraudulent charges, in the amount of $144.75, to the AMEX/Citibank account.

16. However, Plaintiff also noticed that the aforementioned fraudulent activity resulted in inaccurate late payment history being reported by AMEX and Citibank on his Equifax, Experian, and Trans Union credit reports; specifically, the AMEX/Citibank account is being inaccurately reported as 30-days late in July 2023.

17. Plaintiff requested that the CRA Defendants investigate the accuracy of the information being reported on her Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff disputed the alleged late payment history, regarding the AMEX/Citibank account, reporting on her Equifax, Experian, and Trans Union credit reports.

18. Via multiple dispute letters, dated June 12, 2024 and September 12, 2024, Plaintiff repeatedly informed the CRA Defendants as follows: "FRAUD USED MY CARD. I INFORMED AMEX/CBNA AND THEY CREDITED ME THE BALANCE. SINCE BALANCE WASN'T MINE AND LATE PAYMENT ISN'T MINE, I REQUEST THAT THIS LATEPAYMENT FOR JULY 2023 BE REMOVED FROM MY CREDIT REPORT. I AM TOTALLY NOT RESPONSIBLE FOR THE LATE PAYMENT.

3

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 9 of 29 PageID #: 9

AMEX/CBNA REMOVED MY BALANCE BUT REPORTING LATE PAYMENT IS RIDICULOUS."

19. Plaintiff also requested that the CRA Defendants remove the inaccurate information, regarding the AMEX/Citibank account, from her Equifax, Experian, and Trans Union credit reports.

20. Plaintiff also attached AMEX's and Citibank's letter, dated July 19, 2023, wherein AMEX and Citibank informed Plaintiff that AMEX and Citibank had credit the fraudulent charges, in the amount of $144.75, to the AMEX/Citibank account, to her dispute letters, dated June 12, 2024 and September 12, 2024, to the CRA Defendants.

21. Equifax, Experian, and Trans Union did not respond to Plaintiff's first dispute letter, dated June 12, 2024. However, the CRA Defendants continued to report inaccurate information, associated with the AMEX/Citibank account, on Plaintiff's credit reports after receiving her disputes, in violation of the FCRA.

22. Furthermore, Equifax and Experian also did not respond to Plaintiff's second dispute letter, dated September 12, 2024. However, Equifax and Experian continued to report inaccurate information, associated with the AMEX/Citibank account, on Plaintiff's credit reports after receiving her disputes, in violation of the FCRA.

23. Trans Union responded, to Plaintiff's second dispute letter, dated September 12, 2024, by sending Plaintiff dispute results, dated November 7, 2024. Trans Union did not remove the inaccurate information, regarding the AMEX/Citibank account, from Plaintiff's credit report. Trans Union continued to report inaccurate information on Plaintiff's credit report after receiving her disputes, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

4

24. Plaintiff confirmed, after reviewing her credit report, dated November 19, 2024, that the CRA Defendants continued to report the inaccurate information, regarding the AMEX/Citibank account, on her Equifax, Experian, and Trans Union credit reports.

25. Upon information and belief, after receiving notice of Plaintiff's disputes from Equifax, Experian, and Trans Union, and notwithstanding the fact that AMEX and Citibank knew that the inaccurate information, associated with the AMEX/Citibank account, it was reporting to the CRA Defendants was inaccurate, AMEX and Citibank repeatedly verified the inaccurate information to Equifax and Experian.

26. Arguably, had AMEX and Citibank taken corrective action here, Plaintiff would have been spared the financial damages and emotional distress that she experienced even after she sent multiple dispute letters to the CRA Defendants.

27. Following Plaintiff's disputes, Defendants AMEX, Citibank, Equifax, Experian, and Trans Union failed to perform FCRA-required reasonable investigations. As such, Defendants AMEX and Citibank unlawfully verified the inaccurate AMEX/Citibank account tradeline as accurate and the CRA Defendants, in turn, continued to report an incorrect, and therefore unverifiable, inaccurate AMEX/Citibank account tradeline on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that the CRA Defendants prepared and distributed to third-parties.

28. AMEX, Citibank, Equifax, Experian, and Trans Union included the inaccurate balance, associated with the inaccurate AMEX/Citibank account, on consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional

5

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 11 of 29 PageID #: 11

distress. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the FCRA such that Plaintiff has Article III standing to bring claims under the FCRA.

29. According to Plaintiff's Experian credit report, dated November 19, 2024, there is an inquiry on Plaintiff's credit file with Experian. Specifically, there was a dissemination of inaccurate credit information, regarding the inaccurate AMEX/Citibank account reporting on Plaintiff's Experian credit report, to JPMorgan Chase Bank, N.A. (on November 7, 2024).

30. Notably, Plaintiff filed the present action on March 13, 2025. Therefore, there was a dissemination of derogatory and defamatory credit information to third parties before the present action was filed. Experian knows the exact number of such instances of disseminations in the past years, since the inaccurate information regarding the inaccurate AMEX/Citibank account began reporting on Plaintiff's Experian credit report. We intend to explore the topic further in discovery in this matter.

31. In a recent Opinion and Order barely six months old, the Southern District of New York has held that "[i]n the context of FCRA claims, courts have held that denials of credit and reputational damage are concrete injuries sufficient to confer Article III standing." *See* McTague v. Chase Bank, 2024 U.S. Dist. LEXIS 165060, at *5 (S.D.N.Y. Sep. 13, 2024). In McTague, defendant argued that plaintiff did not have standing to sue and the court agreed because plaintiff did not "include any factual allegations that he was denied credit, experienced reputational damage, or that he experienced any other concrete consequences." *Id*. at *6.

32. However, in the present matter, on or around November 2024, Plaintiff applied for and was denied credit by JPMorgan Chase Bank, N.A., due to the inaccurate credit information,

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 12 of 29 PageID #: 12

regarding the inaccurate AMEX/Citibank account, reporting on Plaintiff's Experian credit report.

33. Specifically, Plaintiff received a credit denial letter, dated November 7, 2024, from JPMorgan Chase Bank, N.A. JPMorgan Chase Bank, N.A. informed Plaintiff that it was unable to approve Plaintiff's application for a Chase Freedom Visa Platinum credit card account. Furthermore, JPMorgan Chase Bank, N.A. also informed Plaintiff that it based its decision based on information obtained from Experian.

## DAMAGES

34. Because of Defendants Defendants AMEX's, Citibank's, Equifax's, Experian's, and Trans Union's misconduct, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

35. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.

36. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused her credit harm in the form of credit denials and/or other adverse actions with respect to existing credit.

37. In addition, the inaccurate AMEX/Citibank tradeline reported by Equifax, Experian, and Trans Union has cost, and continues to cost, Plaintiff time and effort and expense in pursuit of corrected credit reports.

38. AMEX's, Citibank's, Equifax's, Experian's, and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 13 of 29 PageID #: 13

   a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including stress, anxiety, headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for credit, depression, and instances of crying.

   b. Plaintiff was defamed by AMEX, Citibank, Equifax, Experian, and Trans Union, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

### FIRST CAUSE OF ACTION

**Violations of FCRA § 1681s-2(b) Against
Defendants AMEX and Citibank
(Furnishers of Information)**

39. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

40. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

41. AMEX and Citibank violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Equifax, Experian, and Trans Union;

8

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 14 of 29 PageID #:
14

b.  failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

c.  failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

42. Had AMEX and Citibank performed reasonable investigations required by the FCRA, it could not have verified that the inaccurate AMEX/Citibank account reported by Equifax, Experian, and Trans Union was accurate. Nevertheless, AMEX and Citibank did verify to the CRA Defendants that the disputed AMEX/Citibank account tradeline that Equifax, Experian, and Trans Union were reporting was accurate. In so doing, AMEX and Citibank violated § 1681s-2(b).

43. Because of AMEX's and Citibank's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

44. AMEX's and Citibank's violations of § 1681s-2(b) were willful, rendering AMEX and Citibank liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

45. In the alternative, AMEX's and Citibank's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from AMEX and Citibank pursuant to § 1681o.

### SECOND CAUSE OF ACTION

**Violations of FCRA § 1681i and § 1681c-2**
**Against Defendants Equifax and Experian**
**(Consumer Reporting Agencies)**

46. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 15 of 29 PageID #:
15

47. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

48. Equifax, Experian, and Trans Union violated multiple sections of 15 U.S.C. § 1681i by their acts and omissions, including, but not limited to, the following:

   a. failing to conduct a reasonable reinvestigation of Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit files in violation of § 1681i(a)(1);

   b. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

   c. failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

49. Equifax, Experian, and Trans Union also violated §1681c-2 by failing to block information that Plaintiff identified as resulting from an alleged identify theft, and upon information and belief, failing to notify AMEX and Citibank that the information was required to be blocked, in violation of §1681c-2(b).

50. Had the CRA Defendants reasonably investigated Plaintiff's disputes, the CRA Defendants could not have verified that they were reporting accurate AMEX and Citibank account tradeline on Plaintiff's Equifax, Experian, and Trans Union credit reports. Nevertheless,

following Plaintiff's disputes, Equifax, Experian, and Trans Union each verified and continued to report the inaccurate AMEX and Citibank account tradeline on Plaintiff's Equifax, Experian, and Trans Union credit reports. In so doing, the CRA Defendants violated § 1681i (and a corresponding provision of the NY FCRA).

51. Because of the CRA Defendants' FCRA violations of § 1681i and § 1681c-2, Plaintiff suffered actual damages, including, but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

52. Violations of § 1681i and § 1681c-2 by Equifax, Experian, and Trans Union were willful, rendering the CRA Defendants liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

53. In the alternative, the CRA Defendants' violations of § 1681i and § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from the CRA Defendants pursuant to § 1681o.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o;

2. Ordering Equifax, Experian, and Trans Union to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning the inaccurate AMEX and Citibank account from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the inaccurate AMEX and Citibank account to any and all persons and entities to whom the CRA Defendants reports consumer credit information; and

   b. send updated and corrected consumer reports to all persons and entities to whom the CRA Defendants have reported inaccurate information about the inaccurate AMEX and Citibank account;

   c. grant Plaintiff tradeline deletion of the **AMEX and Citibank account**.

3. Enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 18 of 29 PageID #: 18

Dated: March 13, 2025

Respectfully submitted,

_____

Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Ave Suite 1100,
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

13

## **VERIFICATION**

Dahlia Araujo, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Dahlia Araujo, Plaintiff

Sworn to before me this 19th
day of November, 2024

_____
Notary Public

Mohammed Pier
Notary Public, State of New York
No. 01P16018170
Qualified in Queens County
Commission Expires January 04, 20, 27.

1

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 20 of 29 PageID #:
20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____X

DAHLIA ARAUJO,                                      Index No.:

             Plaintiff,                **SUMMONS**

    -against-                               The basis of this venue is:
                             Plaintiff's address

AMERICAN EXPRESS COMPANY;
CITIBANK N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

             Defendants.
_____X

       YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York,

County of Queens, at the office of the Clerk of said Court at 88-11 Sutphin Blvd., Queens, New York

11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint

with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of

$85,000.00 with interest from March 13, 2025, together with the costs of this action.


Dated: March 13, 2025                       Respectfully submitted,

                                      _____
                                      Subhan Tariq, Esq.
                                      Tariq Law PC
                                      **Attorney for Plaintiff**
                                      99 Park Avenue, Suite 1100
                                      New York, NY 10016
                                      Tel: (212) 804-9095
                                      Email: subhan@tariqlaw.com

1

Case 1:25-cv-02171-AMD-JAM    Document 1    Filed 04/18/25    Page 21 of 29 PageID #: 21

Note the law provides that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' addresses:

American Express Company
200 Vesey Street
New York, NY 10285

Citibank N.A.
399 Park Ave Front. 1
New York, NY 10022

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

2

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAHLIA ARAUJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EXPRESS COMPANY, | ) | CASE NO. _____ |
| CITIBANK, N.A., EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. and TRANS UNION | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC**
**CONSENT TO REMOVAL**

Without waiving any of its defenses or other rights, Defendant Equifax Information Services, LLC hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Dated: April 18, 2025      Respectfully submitted,

*/s/ Forrest M. Seger*
Forrest M. Seger, Esq.
Clark Hill
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6162
Email: tseger@clarkhill.com

*Counsel for Defendant Equifax Information Services, LLC*

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAHLIA ARAUJO,            ) | |
|            ) | |
|     Plaintiff,     ) | |
|            ) | |
|     v.     ) | |
|            ) | |
| AMERICAN EXPRESS COMPANY,   ) | CASE NO. _____ |
| CITIBANK, N.A., EQUIFAX   ) | |
| INFORMATION SERVICES, LLC,   ) | |
| EXPERIAN INFORMATION   ) | |
| SOLUTIONS, INC. and TRANS UNION   ) | |
| LLC,   ) | |
|            ) | |
|     Defendants. | |

## DEFENDANT CITIBANK, N.A.'S
## <u>CONSENT TO REMOVAL</u>

Without waiving any of its defenses or other rights, Defendant CitiBank, N.A. hereby

acknowledges its consent to the removal of this action from the Supreme Court of the State of New

York, County of Queens to the Eastern District of New York.

Dated: April 18, 2025          Respectfully submitted,

          */s/ Aahren Rodriguez DePalma*
          Aahren Rodriguez DePalma, Esq.
          Macy's Law Department
          11477 Olde Cabin Road, Suite 400
          Creve Couer, MO 63141
          Telephone: (314) 342 6454
          Email: aahren.depalma@macys.com

          *Counsel for Defendant CitiBank, N.A.*

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------x
                                                        :
DAHLIA ARAUJO,                                          :
                                                        :
                              Plaintiff,                :    Index No. 707336/2025
                                                        :
      against                                           :    NOTICE OF FILING NOTICE
                                                        :    OF REMOVAL
AMERICAN EXPRESS COMPANY, CITIBANK, N.A.,               :
EQUIFAX INFORMATION SERVICES, LLC;                      :
EXPERIAN INFORMATION SOLUTIONS, INC.,                   :
and TRANS UNION, LLC,                                   :
                                                        :
                              Defendants.               :
------------------------------------------------------------------------x

## NOTICE OF REMOVAL OF ACTION TO THE
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

TO:    Subhan Tariq, Esq.
       Tariq Law PC
       99 Park Avenue, Suite 1100
       New York, NY 10016

       Clerk, Supreme Court of the State of New York, County of Queens
       Queens Supreme Court Building
       88-11 Sutphin Boulevard
       Jamaica, New York, 11435

       Pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of

Removal of the above-captioned action to the United States District Court for the Eastern District

of New York.  A copy of the Notice of Removal filed with respect to this action is attached

hereto as Exhibit A.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 18, 2025          *Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of April, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF. Parties may access the

filing through the Court's CM/ECF System. Notice of this filing will also be sent via first-class

mail to:

Subhan Tariq, Esquire
Tariq Law PC
99 Park Avenue, Suite 1100
New York, NY 10016


By: */s/ Andrew Hope*
Andrew G. Hope